IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Plaintiff,

  v.

MARIO TERZIC, et al.,

    Defendants.

No. C 13-03565 WHA

**ORDER DENYING MOTIONS TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this insurance coverage declaratory action involving a damaged Lamborghini, two defendants move to dismiss. For the reasons stated below, the motions are **DENIED**. The November 14 hearing on the motions is **VACATED**.

## STATEMENT

The following facts are assumed to be true for the purposes of defendants' motions to dismiss. Sometime prior to August 23, 2012, defendant Automobili Lamborghini America, LLC ("ALA") delivered a 2012 Lamborghini Gallardo to defendant British Motor Car Distributors, LTD ("BMC"), a California auto dealership. The delivery of the vehicle was solely for promotional purposes at a baseball game on August 24. BMC asked its employee, defendant Mario Terzic, to drive the Lamborghini to the game for display, which he did. Contrary to the agreement with ALA, BMC allowed Terzic to drive the car for two additional days afterward.

On August 26, Terzic was hit by drunk driver while driving the Lamborghini. Defendants contend that the cost of the damage to the Lamborghini exceeded $175,000.

At the time of the accident, Terzic was covered by a personal auto insurance policy issued by plaintiff Liberty Mutual Fire Insurance Company. The policy included collision coverage for "non-owned" automobiles subject to certain exclusions. The exclusions included loss to a "'non-owned auto' being maintained or used by any person while employed or otherwise engaged in the business of . . . selling . . . vehicles . . . including road testing and delivery."

The policy also included a clause regarding "other sources of recovery":

> If other sources of recovery also cover the loss, we will pay only our share of the loss. . . . However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery, including, but not limited to:
>
> 1. Any coverage provided by the owner of the "non-owned auto;"
>
> 2. Any other applicable physical damage insurance;
>
> 3. Any other source of recovery applicable to the loss.

According to Liberty Mutual, both Terzic and BMC contend that the damage to the Lamborghini is covered under the policy. Liberty Mutual brought this declaratory action in August 2013 asserting two claims for relief, both of which are pleaded against all defendants (Terzic, BMC, and ALA). Diversity jurisdiction is not disputed. The first claim for relief seeks a declaration that Liberty Mutual owes no duties or obligations with respect to the damaged Lamborghini because coverage is excluded. The second claim, which is contingent on a finding that Terzic's policy covers the Lamborghini, seeks a declaration that Liberty Mutual's obligations are excess over the primary duties of BMC. Terzic has filed counterclaims seeking, *inter alia*, $175,000 in collision damages for the Lamborghini.

Defendants BMC and ALA now move to dismiss.

2

**ANALYSIS**

**1.    DECLARATORY CLAIM THAT COVERAGE IS EXCLUDED.**

Defendants BMC and ALA's motions to dismiss the first claim are parallel and much of their briefs use identical language. Defendants style this issue as a question of "standing," arguing that Liberty Mutual lacks "standing" to sue them as defendants on a claim that is properly construed as running against Terzic alone. Put differently, BMC and ALA argue that they are third parties to the dispute over whether the coverage for non-owned autos in the Liberty Mutual policy excluded ALA's Lamborghini. The underlying question, therefore, is about joinder, not standing. This order concludes that BMC and ALA are properly joined.

Federal Rules 19 and 20 govern necessary and permissive parties in federal court. Relevant here, Rule 19(a)(1)(B)(ii) requires joinder of a party that "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." The relevant section of Rule 20 permits joinder of a defendant when "any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2)(B).

Liberty Mutual's first claim seeks a declaration that coverage is excluded under Terzic's Liberty Mutual policy because the "non-owned auto" was "maintained or used by [a] person while employed or otherwise engaged in the business of selling vehicles" (compl. ¶ 28). ALA, as the owner of the Lamborghini, and BMC, as the party that allowed Terzic to drive it, both have an interest relating to the subject of the action. Although the three defendants' interest and arguments are ostensibly aligned at present, this could change, potentially exposing a current party to inconsistent obligations. For example, if ALA and BMC are dismissed and the Court determines that there is no coverage under the Liberty Mutual policy, neither would be bound by that determination. ALA could seek to recover its damages from Terzic and BMC in a parallel proceeding, resulting in relitigation of issues and the specter of a contrary interpretation of the Liberty Mutual policy. These are problems that Rule 19 was intended to prevent.

3

Moreover, even a finding that BMC and ALA are not necessary parties under Rule 19 would not prevent them from being properly joined under Rule 20.  The coverage issue turns in part on whether the accident occurred while Terzic was using the car on company business.  This raises questions of fact regarding the nature and purpose of the loan of the vehicle to BMC by ALA.

The motions to dismiss the first claim for relief as to defendants BMC and ALA are accordingly **DENIED**.

### 2. DECLARATORY CLAIM FOR "OTHER SOURCES OF RECOVERY."

Liberty Mutual's second claim for relief seeks a declaration that if coverage exists under the policy, Liberty Mutual's obligations are "excess over BMC or its insurers' primary duty and obligation to pay ALA for the damages to the . . . Lamborghini" (compl. ¶ 32).  The claim is pleaded against "all defendants" in the action; BMC and ALA move to dismiss.  This order concludes that the motions lack merit.

BMC argues that the complaint fails to identify a BMC insurance policy that Liberty Mutual claims is "primary" over which it could pay excess, and that "BMC is not an insurer and cannot stand in the shoes of some unidentified potential insurer" (Dkt. No. 19 at 8).  Pleading a BMC insurance policy is not necessary for the complaint to survive a motion to dismiss.  The claim turns on a contested "other sources of recovery" provision.  The provision states that Liberty Mutual's recovery for a "non-owned auto" will be excess over "2. Any other applicable physical damage insurance; [and] 3. *Any other source of recovery applicable to the loss*" (compl. ¶ 14 (emphasis added)).  The complaint further alleges that BMC had an agreement with ALA that the Lamborghini would not be used for any other purpose than the baseball game promotion, and that BMC allowed Terzic to continue to drive it despite this agreement (*id*. ¶¶ 21–22).  BMC implicitly construes the "any other source" provision to apply only to a separate insurance policy, and not to causes of action that could result in recovery.  When construed favorably to Liberty Mutual, however, the allegations permit an inference that BMC violated an agreement with ALA and that ALA has a cause of action against BMC for "recovery applicable to the loss."  The correct interpretation of the clause is an issue for summary judgment or trial.

4

ALA argues that it is not implicated by the second claim for relief because there is no allegation that it is an alternative source of relief. This is another Rule 19 joinder problem. Liberty Mutual contends that its declaratory claim against Terzic effectively also seeks a declaration that ALA "cannot look to Liberty Mutual to pay the loss in lieu of BMC" (Dkt. No. 28 at 9). As the owner of the property for which coverage is disputed, ALA's interest in the subject of the claim is obvious. Without ALA in the action, there is a substantial risk of relitigation of these issues in a separate proceeding as well as inconsistent rulings. This order concludes that ALA is a necessary party to this claim under Rule 19.

The motions to dismiss the second claim for relief as to defendants BMC and ALA are accordingly **DENIED**.

## CONCLUSION

For the reasons stated above, the motions to dismiss are **DENIED**. The November 14 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE